[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
On November 17, 1997, the defendants filed their motion for summary judgment directed at counts one and three of the plaintiff's revised complaint on the grounds that "the causes of action embodied in [those] counts are time-barred by . . . General Statutes [§§] 54-584 and 42-110g (f) respectively."
Count one of the plaintiff's revised complaint alleges negligence and count three of the complaint alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA). In count one, the plaintiffs allege that the defendants were negligent in the manner and workmanship of the installation of a new roof on the plaintiffs' home. In count three, the plaintiffs allege that the actions of the defendants violated CUTPA because they held themselves out as licensed, experienced roofers when, in fact, they were not. CT Page 4571
In the defendants' memorandum, they argue that because the work on the plaintiffs' home was completed on November 12, 1993, the statutes of limitation on both counts bar the plaintiffs from asserting those claims. In opposition, the plaintiffs argue that the statutes of limitation were tolled because the defendants maintained contact with the plaintiffs and attempted to rectify continuing problems with the roof. Therefore, the statutes of limitations did not begin to run until that course of conduct ended. The plaintiffs further argue that the statutes of limitation did not begin to run until February 8, 1996, which was the last date the defendants worked on the roof, thereby ending the defendants' continuing course of conduct. Accordingly, the plaintiffs argue, on April 9, 1997, when they filed this action, their action was timely.
In rejecting a similar argument, our Supreme Court stated inBeckenstein v. Potter Carrier, Inc., 191 Conn. 150, 464 A.2d 18
(1983), that the "rule to apply is that the party trying to overcome a statute of limitations defense must, at least, allege actual reliance upon the repairs beings made as the basis for not filing a lawsuit." Id., 159. As in Beckenstein, supra, the plaintiffs in this case "have cited no evidence that the defendants were making the repairs `in order to avoid a lawsuit.'" Id., 158. Where the plaintiffs do not do so, the court cannot conclude "that making repairs, in themselves, tolls the statute of limitations." Id., 160. The court finds, therefore, as a matter of law, that the defendants did not engage in a continuous course of conduct which would toll the statutes of limitation.
Accordingly, the defendants' motion for summary judgment is granted.
Martin, J.